# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DR. NIKITA Y. HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:24-cv-01524-SGC |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA, | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant The Board of Trustees of The University of Alabama answers Plaintiff Dr. Nikita Y. Harris' Complaint as follows:

## STATEMENT OF JURISDICTION

1. Defendant does not contest that jurisdiction is proper. Defendant denies the remaining allegations of Paragraph 1.

2. Defendant does not contest that jurisdiction is proper. Defendant denies the remaining allegations of Paragraph 2.

3. Defendant admits that venue in this district is proper but denies that venue in the Southern Division of this district is proper. Defendant denies the remaining allegations of Paragraph 3.

4. Defendant is without sufficient information to admit or deny the allegations of Paragraph 4. Accordingly, the allegations are denied.

## STATEMENT OF THE PARTIES

5. Upon information and belief, Defendant admits the allegations of Paragraph 5.

6. Defendant admits the allegations of Paragraph 6.

## STATEMENT OF THE FACTS

7. Upon information and belief, Defendant admits the allegations of Paragraph 7.

8. Defendant admits the allegations of Paragraph 8.

9. Defendant admits that, by letter dated April 11, 2022, it promoted Plaintiff to Associate Professor effective August 16, 2022. Defendant denies the remaining allegations of Paragraph 9.

10. Defendant admits that Dr. Darin Griffin assumed the role of Interim Chair of the Department of Communication Studies in 2022 and that Defendant legitimately removed Plaintiff's Coordinator (for the Master of Arts online program) duties at the conclusion of the Spring 2022 academic term. Defendant denies the remaining allegations of Paragraph 10.

11. Defendant admits that Plaintiff and Dr. Griffin discussed Plaintiff's concerns about removal of Plaintiff's Coordinator duties. Defendant denies the remaining allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant admits that, incidental to removal of Plaintiff's Coordinator duties, Plaintiff ceased to serve on the Department's Graduate Committee and that Plaintiff and Dr. Griffin discussed Plaintiff's concerns about removal of Plaintiff's Coordinator duties. Defendant denies the remaining allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant admits that Plaintiff's Student Opinions of Instruction ("SOI") scores and evaluations were unacceptable. Defendant denies the remaining allegations of Paragraph 15.

16. Defendant admits that SOIs are completed by students and that Defendant considers the SOIs when evaluating its instructors. Defendant denies the remaining allegations of Paragraph 16.

17. Defendant admits that, as part of Plaintiff's 2022-23 Annual Performance Evaluation, Dr. Griffin recommended that Plaintiff complete a training course and Dean Brian Butler requested that Plaintiff propose a specific action plan to improve her performance. Defendant denies the remaining allegations of Paragraph 17.

18. Defendant admits that, for the Summer 2023 term, it assigned Plaintiff to teach one course and that summer courses are not a guaranteed part of instructors' employment. Defendant denies the remaining allegations of Paragraph 18.

19. Defendant admits that Plaintiff and Dr. Griffin corresponded by email between March 23 and March 26, 2023, and those emails speak for themselves. Defendant further admits that Dr. Griffin forwarded Plaintiff's concerns to Senior Associate Dean Damion Waymer. Defendant denies the remaining allegations of Paragraph 19.

20. Defendant admits that Dr. Waymer and Dr. Butler met with Plaintiff and corresponded by email, and those emails speak for themselves. Defendant denies the remaining allegations of Paragraph 20.

21. Defendant admits that Plaintiff applied for the Assistant Dean for Professional Development and Community Building position. Defendant further admits that Plaintiff and Dr. Butler corresponded by email between April 23 and 26, 2023, and those emails speak for themselves. Defendant denies the remaining allegations of Paragraph 21.

22. Defendant admits that Plaintiff's 2022-23 Annual Performance Evaluation contained lower ratings than Plaintiff's previous evaluations based in part on SOIs completed by Plaintiff's students. Defendant denies the remaining allegations of Paragraph 22.

23. Defendant admits that Plaintiff and Dr. Butler corresponded by email between May 23 and May 26, 2023, and those emails speak for themselves. Defendant denies the remaining allegations of Paragraph 23.

24. Defendant admits that Plaintiff and Dr. Butler met on May 30, 2023. Defendant denies the remaining allegations of Paragraph 24.

25. Defendant admits that, due to a change in circumstances, it did not fill the Assistant Dean for Professional Development and Community Building position. Defendant denies the remaining allegations of Paragraph 25.

26. Defendant admits that Plaintiff remains employed by Defendant. Defendant denies the remaining allegations of Paragraph 26.

## FIRST CAUSE OF ACTION

## TITLE VII RACE DISCRIMINATION – DISPARATE TREATMENT

27. Defendant reasserts its previous responses as if fully set forth herein.

28. Upon information and belief, Defendant admits the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant admits that it removed Plaintiff's Coordinator for the Master of Arts online program duties. Defendant denies the remaining allegations of Paragraph 29.

31. Defendant admits that, for the Summer 2023 term, it assigned Plaintiff to teach one course and that summer courses are not a guaranteed part of instructors' employment. Defendant denies the remaining allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

## SECOND CAUSE OF ACTION

## TITLE VII RACE DISCRIMINATION – DISPARATE IMPACT

35. Defendant reasserts its previous responses as if fully set forth herein.

36. Upon information and belief, Defendant admits the allegations of Paragraph 36.

37. Defendant admits that it considers SOIs when evaluating its instructors. Defendant denies the remaining allegations of Paragraph 37.

38. Defendant admits that SOIs are completed by students. Defendant denies the remaining allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

## THIRD CAUSE OF ACTION

## TITLE VII RETALIATION

42. Defendant reasserts its previous responses as if fully set forth herein.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

## FOURTH CAUSE OF ACTION

## TITLE VII GENDER DISCRIMINATION – DISPARATE TREATMENT

47. Defendant reasserts its previous responses as if fully set forth herein.

48. Upon information and belief, Defendant admits the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant admits that it removed Plaintiff's Coordinator for the Master of Arts online program duties. Defendant denies the remaining allegations of Paragraph 50.

51. Defendant admits that, for the Summer 2023 term, it assigned Plaintiff to teach one course and that summer courses are not a guaranteed part of instructors' employment. Defendant denies the remaining allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

## FIFTH CAUSE OF ACTION

## TITLE VII RETALIATION

54. Defendant reasserts its previous responses as if fully set forth herein.

55. Defendant denies the allegations of Paragraph 55.

56. Defendant denies the allegations of Paragraph 56.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief requires neither admission nor denial. To the extent the prayer for relief is construed to allege some wrongful or unlawful conduct, said construction is denied. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief specifically requested by Plaintiff.

## ADDITIONAL DEFENSES

Defendant states the following additional defenses. By listing the defenses below, Defendant does not assume any burden of proof that would otherwise be imposed upon Plaintiff.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Except as expressly admitted above, Defendant denies the allegations stated by Plaintiff and demands strict proof thereof.

## THIRD DEFENSE

Defendant did not discriminate or retaliate against Plaintiff.

## FOURTH DEFENSE

All actions taken by Defendant were taken in good faith, based on legitimate non-discriminatory reasons, which were not pretextual, and were based on reasonable factors other than Plaintiff's sex and alleged complaints.

## FIFTH DEFENSE

Plaintiff's race, gender, and alleged complaints were not factors, determinative or otherwise, in any decision regarding her employment.

## SIXTH DEFENSE

Plaintiff cannot establish that similarly situated employees outside her protected classes were treated more favorably.

## SEVENTH DEFENSE

Notwithstanding Defendant's general denials and previous affirmative defenses herein, to the extent Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant would have taken the same action in the absence of such an impermissible motivating factor.

## EIGHTH DEFENSE

To the extent any of Plaintiff's allegations of misconduct are found to be

true, Plaintiff's claims still fail because any such misconduct was not committed, authorized, adopted, or ratified by Defendant, Defendant has strict policies prohibiting such conduct, Defendant neither knew nor should have known of such conduct, the actions were taken outside the course and scope of that employee's employment, and the alleged conduct was not beneficial to Defendant.

## NINTH DEFENSE

Plaintiff cannot identify any facially neutral employment practice that has caused a disparate impact on employment opportunities based on race, gender, or any other protected characteristic, nor can Plaintiff present statistical evidence showing such an impact.

## TENTH DEFENSE

The Complaint or portions thereof are barred in that Plaintiff has failed to meet the statutory and administrative prerequisites and/or conditions precedent to filing this action, including the filing of a Charge of Discrimination with the EEOC.

## ELEVENTH DEFENSE

The Complaint is barred, or whole or in part, because Plaintiff's claims are beyond the scope of her underlying Charge of Discrimination filed with the EEOC.

## TWELFTH DEFENSE

Compensatory, liquidated, or punitive damages are not available for some or

all of the causes of action listed, and Defendant denies that it engaged in conduct sufficient to warrant such damages.

## THIRTEENTH DEFENSE

Defendant is entitled to an offset against any alleged lost income for any amounts earned or that could have been earned by Plaintiff.

## FOURTEENTH DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendant.

## FIFTEENTH DEFENSE

Defendant asserts that Plaintiff's alleged damages were caused by an intervening or superseding cause.

## SIXTEENTH DEFENSE

All damages sought are subject to the limits set by 42 U.S.C. § 1981a and other applicable law.

## SEVENTEENTH DEFENSE

Punitive damages may not be recovered from Defendant.

## EIGHTEENTH DEFENSE

The Complaint or portions thereof are barred by the applicable statute of limitations.

### NINETEENTH DEFENSE

Some or all of the claims alleged in the Complaint are barred in whole or in part by the doctrine of waiver and/or laches.

### TWENTIETH DEFENSE

The Complaint may be barred, in whole or in part, by the doctrine of after-acquired evidence.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by one or more of the doctrines of estoppel, res judicata, contributory negligence, and unclean hands.

### TWENTY-SECOND DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because her own acts or omissions caused or contributed to any alleged losses or injuries.

### TWENTY-THIRD DEFENSE

To the extent Plaintiff was involved in any improper activities or engaged in the same conduct about which she now complains, or failed to properly notice and act upon such conduct, Plaintiff is estopped from recovering for her claims.

### TWENTY-FOURTH DEFENSE

To the extent Plaintiff has successfully taken a position in another proceeding that is inconsistent with her claims for relief in this action, Plaintiff's claims in this action are barred by the doctrine of judicial estoppel.

## RESERVATION OF DEFENSES

Because discovery is ongoing, Defendant reserves the right to assert further defenses as appropriate.

## **PRAYER FOR RELIEF**

Wherefore having fully answered the Complaint, Defendant requests that the Complaint be dismissed with prejudice; that judgment be entered for Defendant; and that Defendant be awarded its attorneys' fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

Respectfully submitted this 28th day of March, 2025.

*/s/ Shannon L. Miller*
Shannon L. Miller (ASB-8026-R60S)
Shannon.Miller@jacksonlewis.com
Telephone: (205) 332-3102
Daniel B. Harris (ASB-4081-G61A)
Telephone: (205) 332-3097
Daniel.Harris@jacksonlewis.com
**JACKSON LEWIS P.C.**
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
Fax: (205) 332-3131

***Attorneys for Defendant The Board of Trustees of The University of Alabama***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 28th day of March, 2025, I have served a true and correct copy of the foregoing via the Court's CM/ECF filing system upon the following counsel of record:

Samuel Fisher
Sidney Jackson
Nicki Lawsen
**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203

                                        */s/ Shannon L. Miller*
                                        Counsel of Record